IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COFACE COLLECTIONS | ) |
| NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JESSICA JACOBS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COFACE COLLECTIONS NORTH AMERICA, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JESSICA JACOBS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Antioch, County of Lake, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to the Marriott Lincolnshire (hereinafter "Marriott").

6. The debt that Plaintiff allegedly owed Marriott was for a bill allegedly incurred by Plaintiff which was for her personal use.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COFACE COLLECTIONS NORTH AMERICA, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about June 26, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant who stated that he was an "Investigator."

15. During the course of the aforesaid telephone call, Defendant's representative told Plaintiff that he was a private investigator calling Plaintiff to obtain information regarding her financial circumstances.

16. At no time during the course of the aforementioned telephone call did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

17. Defendant's statement that its representative was an "Investigator" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Investigator" licensed by any government body and/or agency.

18. Plaintiff asked Defendant's duly authorized representative why she was being investigated.

19. During the aforesaid telephone call, Defendant informed Plaintiff that he was going to have to go to Plaintiff's home to speak to her regarding her financial circumstances as he had been hired to investigate her.

20. Plaintiff then asked Defendant's duly authorized representative if he was a debt collector.

21. Defendant informed Plaintiff that he was not a debt collector.

22. Plaintiff informed Defendant that she did not want anyone coming to her home to investigate her.

3

23. During the course of the aforesaid telephone call, Defendant's duly authorized representative responding by stating "[t]oo bad. I will be coming to your home tomorrow."

24. Plaintiff pleaded with Defendant not to come to her home.

25. Plaintiff informed Defendant that she was injured and unable to work and that she did not want him coming to her house.

26. Plaintiff further informed Defendant that she had two small children and that she did not want him coming to her house.

27. Defendant then laughed at Plaintiff.

28. Plaintiff told Defendant that if he came to her home then Plaintiff would contact the police.

29. Defendant then told Plaintiff "fine, call the police."

30. Defendant then provided Plaintiff with a telephone number that she should contact so that she would be able to speak with the company that had allegedly hired him to contact her.

31. The telephone number was that of Defendants.

32. Upon information and belief, the telephone call initiated to Plaintiff, as delineated above, was initiated by a duly authorized representative of Defendant and not by a third-party.

33. At no time during the course of the aforesaid telephone call did Defendant's duly authorized representative provide Plaintiff with information regarding Defendant's identity.

34. Due to Defendant's representations, as delineated above, Plaintiff became scared that someone would be coming to her home to investigate her.

35. Due to Defendant's representations, as delineated above, Plaintiff became anxious that someone would be coming to her home to investigate her.

36. Subsequent to the aforesaid telephone call, Plaintiff became so distressed at the thought that someone would be coming to her home to investigate her that she immediately contacted her fiancé to inform him of the contents of the aforesaid telephone call.

37. Defendant's representations that it would have an investigator come to her house were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations it had no intent to come to Plaintiff's home to carry out an investigation.

38. Defendant's representations that it would have an investigator come to her house were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations it had no authority to go to Plaintiff's home to carry out an investigation.

39. To date, Defendant has not come to Plaintiff's home to conduct an investigation on her.

40. Defendant's threats that it would have an investigator come to her home were hollow threats made by Defendant to Plaintiff in an attempt to coerce her into making a payment to Defendant.

41. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

42. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Marriott.

43. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

44. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

45. On or about June 26, 2011, subsequent to the aforesaid telephone call, Plaintiff initiated a telephone call to the number that was provided to her by the "Investigator."

46. Plaintiff then engaged in a telephone conversation with Defendant.

47. During the course of the aforesaid telephone call, Plaintiff asked Defendant why it had hired an "Investigator" to contact her.

48. Defendant informed Plaintiff that it had hired an investigator to contact her because she owed money.

49. During the aforesaid telephone call, Defendant acknowledged having had an "Investigator" contact Plaintiff.

50. Defendant then told Plaintiff that she owed a debt to Marriot.

51. Plaintiff then informed Defendant that she did not have sufficient funds at that time to pay the debt she allegedly owed to Marriot.

52. Plaintiff further informed Defendant that she did not appreciate it having an investigator contact her and threaten to come to her home.

53. Defendant, again, laughed at Plaintiff.

54. At no time during the course of the aforesaid telephone call did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

55. In its attempts to collect the debt allegedly owed by Plaintiff to Marriott, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

6

    c. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESSICA JACOBS, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JESSICA JACOBS**


By: <u>    s/ David M. Marco            </u>
       Attorney for Plaintiff


<u>Dated: August 22, 2011</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithlaw.us