**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESSICA JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court File No. 1:11-cv-05794 |
| ) | |
| COFACE COLLECTIONS ) | |
| NORTH AMERICA, INC., ) | |
| Defendant. ) | |

**DEFENDANT COFACE COLLECTIONS NORTH AMERICA, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE
<u>DEFENSES AND DEMAND FOR JURY TRIAL</u>**

Comes now Coface Collections North America, Inc. ("Coface"), by counsel, and files its Answer to Plaintiff's Complaint ("Complaint), Demand for Jury Trial and Affirmative Defenses:

<u>**ANSWER**</u>

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, <u>et seq</u>.

**RESPONSE:** Coface admits that paragraph 1 of the Complaint purports to state a claim under 15 U.S.C. § 1692, et seq., but denies that the claim is in any way meritorious.

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

**RESPONSE:** Coface admits paragraph 2 of the Complaint.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**RESPONSE:** Coface admits paragraph 3 of the Complaint.

4. JESSICA JACOBS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Antioch, County of Lake, State of Illinois.

**RESPONSE:** Coface is without sufficient information to form a belief as to the truth of the

1

allegations of paragraph 4, and thus denies those allegations.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to the Marriott Lincolnshire (hereinafter "Marriott").

**RESPONSE:** Coface is without sufficient information to form a belief as to the truth of the allegations of paragraph 5, and thus denies those allegations.

6. The debt that Plaintiff allegedly owed Marriott was for a bill allegedly incurred by Plaintiff which was for her personal use.

**RESPONSE:** Coface admits that Plaintiff owed Marriot a debt. Coface is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 6, and thus denies those allegations.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

**RESPONSE:** Coface admits paragraph 7 of the Complaint.

8. COFACE COLLECTIONS NORTH AMERICA, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of California.

**RESPONSE:** Coface admits that it is a business entity engaged in the collection of debt within the State of Illinois. Coface denies the remaining allegations contained in paragraph 8.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

**RESPONSE:** Coface admits paragraph 9 of the Complaint.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

**RESPONSE:** Coface admits paragraph 10 of the Complaint.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

**RESPONSE:** Coface admits paragraph 11 of the Complaint.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

**RESPONSE:** Coface admits that for some purposes it is a debt collector as defined in the FDCPA, but states that it is without knowledge or information sufficient to form a belief as to whether it was acting as a debt collector with respect to Plaintiff because it does not know the purpose for which Plaintiff incurred her debt.

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**RESPONSE:** Coface denies paragraph 13 of the Complaint.

14. On or about June 26, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant who stated that he was an "Investigator."

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 14 of the Complaint.

15. During the course of the aforesaid telephone call, Defendant's representative told Plaintiff that he was a private investigator calling Plaintiff to obtain information regarding her financial circumstances.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 15 of the Complaint.

16. At no time during the course of the aforementioned telephone call did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 16 of the Complaint.

17. Defendant's statement that its representative was an "Investigator" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Investigator" licensed by any government body and/or agency.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 17 of the Complaint.

18. Plaintiff asked Defendant's duly authorized representative why she was being investigated.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 18 of the Complaint.

19. During the aforesaid telephone call, Defendant informed Plaintiff that he was going to have to go to Plaintiff's home to speak to her regarding her financial circumstances as he had been hired to investigate her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 19 of the Complaint.

20. Plaintiff then asked Defendant's duly authorized representative if he was a debt collector.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 20 of the Complaint.

21. Defendant informed Plaintiff that he was not a debt collector.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 21 of the Complaint.

22. Plaintiff informed Defendant that she did not want anyone coming to her home to investigate her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 22 of the Complaint.

23. During the course of the aforesaid telephone call, Defendant's duly authorized representative responding by stating "[t]oo bad. I will be coming to your home tomorrow."

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 23 of the Complaint.

24. Plaintiff pleaded with Defendant not to come to her home.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 24 of the Complaint.

25. Plaintiff informed Defendant that she was injured and unable to work and that she did not want him coming to her house.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 25 of the Complaint.

26. Plaintiff further informed Defendant that she had two small children and that she did not want him coming to her house.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph

5

26 of the Complaint.

27. Defendant then laughed at Plaintiff.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 27 of the Complaint.

28. Plaintiff told Defendant that if he came to her home then Plaintiff would contact the police.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 28 of the Complaint.

29. Defendant then told Plaintiff "fine, call the police."

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 29 of the Complaint.

30. Defendant then provided Plaintiff with a telephone number that she should contact so that she would be able to speak with the company that had allegedly hired him to contact her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 30 of the Complaint.

31. The telephone number was that of Defendants.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 31 of the Complaint.

32. Upon information and belief, the telephone call initiated to Plaintiff, as

delineated above, was initiated by a duly authorized representative of Defendant and not by a third-party.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 32 of the Complaint.

33. At no time during the course of the aforesaid telephone call did Defendant's duly authorized representative provide Plaintiff with information regarding Defendant's identity.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 33 of the Complaint.

34. Due to Defendant's representations, as delineated above, Plaintiff became scared that someone would be coming to her home to investigate her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 34 of the Complaint.

35. Due to Defendant's representations, as delineated above, Plaintiff became anxious that someone would be coming to her home to investigate her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 35 of the Complaint.

36. Subsequent to the aforesaid telephone call, Plaintiff became so distressed at the thought that someone would be coming to her home to investigate her that she immediately contacted her fiancé to inform him of the contents of the aforesaid telephone call.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph

36 of the Complaint.

37. Defendant's representations that it would have an investigator come to her house were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations it had no intent to come to Plaintiff's home to carry out an investigation.

**RESPONSE:** Coface denies paragraph 37 of the Complaint.

38. Defendant's representations that it would have an investigator come to her house were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations it had no authority to go to Plaintiff's home to carry out an investigation.

**RESPONSE:** Coface denies paragraph 38 of the Complaint.

39. To date, Defendant has not come to Plaintiff's home to conduct an investigation on her.

**RESPONSE:** Coface admits paragraph 39 of the Complaint.

40. Defendant's threats that it would have an investigator come to her home were hollow threats made by Defendant to Plaintiff in an attempt to coerce her into making a payment to Defendant.

**RESPONSE:** Coface denies paragraph 40 of the Complaint.

41. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

**RESPONSE:** Coface denies paragraph 41 of the Complaint.

42. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Marriott.

**RESPONSE:** Coface denies paragraph 42 of the Complaint.

43. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

**RESPONSE:** Coface denies paragraph 43 of the Complaint.

44. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

**RESPONSE:** Coface denies paragraph 44 of the Complaint.

45. On or about June 26, 2011, subsequent to the aforesaid telephone call, Plaintiff initiated a telephone call to the number that was provided to her by the "Investigator."

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 45 of the Complaint.

46. Plaintiff then engaged in a telephone conversation with Defendant.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 46 of the Complaint.

47. During the course of the aforesaid telephone call, Plaintiff asked Defendant why it had hired an "Investigator" to contact her.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 47 of the Complaint.

48. Defendant informed Plaintiff that it had hired an investigator to contact her because she owed money.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 48 of the Complaint.

49. During the aforesaid telephone call, Defendant acknowledged having had an "Investigator" contact Plaintiff.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 49 of the Complaint.

50. Defendant then told Plaintiff that she owed a debt to Marriot.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 50 of the Complaint.

51. Plaintiff then informed Defendant that she did not have sufficient funds at that time to pay the debt she allegedly owed to Marriot.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 51 of the Complaint.

52. Plaintiff further informed Defendant that she did not appreciate it having an investigator contact her and threaten to come to her home.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 52 of the Complaint.

53. Defendant, again, laughed at Plaintiff.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 53 of the Complaint.

54. At no time during the course of the aforesaid telephone call did Defendant inform Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

**RESPONSE:** Coface currently lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore Coface denies paragraph 54 of the Complaint.

55. In its attempts to collect the debt allegedly owed by Plaintiff to Marriott,

Defendant violated the FDCPA, 15 U.S.C. § 1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

   i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

**RESPONSE:** Coface denies paragraph 55 of the Complaint and all of its subparagraphs.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

**RESPONSE:** Coface denies paragraph 56 of the Complaint.

57. Plaintiff hereby demands a trial by jury on all issues so triable.

11

**RESPONSE:** Coface admits that Plaintiff is demanding a trial by jury on all issues so triable.

WHEREFORE, Defendant Coface Collections North America, Inc., by and through its attorneys, respectfully requests this Court to enter Judgment in its favor and against Plaintiff; for its attorneys' fees and costs under 15 USC 1692k(a)(3); and for any other relief deemed appropriate by this Honorable Court

## COFACE COLLECTIONS NORTH AMERICA, INC.'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted and has no legal or factual bases to assert the claims or requests for relief set forth in its Complaint.

### Second Affirmative Defense

Any violation of the FDCPA, which Coface denies occurred, was the result of a *bona fide* error in spite of procedures reasonably adapted to avoid such error.

### JURY DEMAND

Coface Collections North America, Inc. hereby demands a trial by jury on this Complaint and its Affirmative Defenses.

                                      Respectfully submitted,

                                      Coface Collections North America, Inc.


                                      By:   /s/ David Curkovic
                                                One of its attorneys

John P. O'Malley
David Curkovic
Schuyler, Roche & Crisham, P.C.
One Prudential Plaza, Suite 3800
130 East Randolph Street
Chicago, Illinois 60601
312-565-2400

13

## **CERTIFICATE OF SERVICE**

I, David Curkovic, an attorney, hereby certify that on October 18, 2011 I caused to be served a copy of the foregoing **Defendant's Answer to Plaintiff's Complaint, Jury Demand and Affirmative Defenses** in the above entitled action using the CM/ECF system which sent notification of this filing to the following persons:

    Larry P. Smith
    David M. Marco
    Ashley S. Decker
    LARRY P. SMITH & ASSOCIATES, LTD.
    205 North Michigan Avenue, 40th Floor
    Chicago, IL 60601
    Telephone: (312) 546-6539
    Facsimile: (888) 418-1277

                                            By:    /s/ David Curkovic